IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PPC BROADBAND, INC.,

    Plaintiff,

v.                                                  Case No.: 4:22-CV-204-LPR

PERFECTVISION MANUFACTURING, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

The Court, with the agreement and request of the parties, enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.     <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.     <u>Definitions</u>:

    (a)    "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    (b)    "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the

1

26200781.1

disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(c) "Highly Confidential – Attorney's Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that represents past, current, or future business, financial, or technical trade secrets, information, or plans that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

(d) Information is not Confidential or Highly Confidential – Attorney's Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential – Attorney's Eyes Only if a person lawfully obtained it independently of this litigation.

3. <u>Designation of information as Confidential or Highly Confidential – Attorney's Eyes Only</u>:

(a) A person's designation of information as Confidential or Highly Confidential – Attorney's Eyes Only means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

(b) Third parties producing documents in the course of this action may also designate documents as Confidential or Highly Confidential – Attorney's Eyes Only, subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Highly Confidential – Attorney's Eyes Only for

a period of 15 days from the date of their production, and during that period any party may designate such documents as Confidential or Highly Confidential – Attorney's Eyes Only pursuant to the terms of this Protective Order.

(c)     A person designates information in a document or thing as Confidential or Highly Confidential – Attorney's Eyes Only by clearly and prominently marking it on its face as "CONFIDENTIAL" or either "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY". By making documents or things containing Confidential or Highly Confidential – Attorney's Eyes Only information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential – Attorney's Eyes Only before providing them to the recipient.

(d)     A person designates information in deposition testimony as Confidential or Highly Confidential – Attorney's Eyes Only by stating on the record at the deposition that the information is Confidential or Highly Confidential – Attorney's Eyes Only or by advising the opposing party, within fourteen days after receipt of the hard-copy deposition transcript, that the information is Confidential or Highly Confidential – Attorney's Eyes Only. A deposition transcript shall be treated by the parties, producers, and recipients as Highly Confidential – Attorney's Eyes Only until such time the aforementioned fourteen-day period has elapsed.

(e)     A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential – Attorney's Eyes Only does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

(f) A person who has designated information as Confidential or Highly Confidential – Attorney's Eyes Only may withdraw the designation by written notification to all parties in the case.

(g) If a party disputes a producer's designation of information as Confidential or Highly Confidential – Attorney's Eyes Only, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer within five days of notice of the dispute to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the producer, within fourteen days of notice of the dispute, shall file a motion with the Court. The document(s) containing the disputed designation shall remain designated as Confidential or Highly Confidential – Attorney's Eyes Only until the Court orders differently. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential – Attorney's Eyes Only. In the event such an application is made, the information shall remain subject to the producer's Confidential or Highly Confidential – Attorney's Eyes Only designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential – Attorney's Eyes Only is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential or Highly Confidential – Attorney's Eyes Only Information</u>:

(a) Confidential and Highly Confidential – Attorney's Eyes Only information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

(b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following:

4

(i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) subject to the provisions of paragraph 4(d) of this order, a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) subject to the provisions of paragraph 4(d) of this order, three party officers and/or employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs; and (vii) e-Discovery vendors, duplicating, photocopying and document coding/scanning vendors, graphics consultants, jury consultants, and mock jurors.

        (c)     Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential – Attorney's Eyes Only information to any person other than those identified in paragraph 4(b)(i), (iv), (v), (vi), and (vii). However, nothing herein shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney generally may refer to or rely upon his or her examination of information protected under this Order but shall not disclose the specific contents of protected information to persons not authorized to receive it under this Order. As an example, an attorney can disclose a damages expert's ultimate opinion concerning an appropriate award of damages in the form of a reasonable royalty or lost profits but cannot disclose the underlying sales or other financial data that forms the basis for such an opinion if such data has been designated Highly Confidential – Attorney's Eyes Only.

(d) A party may not disclose Confidential or Highly Confidential – Attorney's Eyes Only information to any person identified in paragraph 4(b)(ii), (iii), or (v) pursuant to paragraph 4(b) or 4(c) of this order until after that person has signed an undertaking in the form of Appendix I to this Order. The party obtaining the undertaking must serve it on all other parties within three days after its execution. With respect to any person identified in paragraph 4(b)(v), at least five days before the first disclosure of Confidential or Highly Confidential – Attorney's Eyes Only information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae, including employment history for the past four years and a listing of cases in which the person has testified as an expert at trial or by deposition within the past four years. If a party objects in writing to such disclosure within five days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

(e) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential – Attorney's Eyes Only information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

(f) A party who wishes to disclose Confidential or Highly Confidential – Attorney's Eyes Only information to a person not authorized under paragraphs 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal

Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).

6. <u>Filing with the Court</u>: If a party files a document containing Confidential or Highly Confidential – Attorney's Eyes Only information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Eastern District of Arkansas.

7. <u>Document Disposal</u>: Upon written request from a producer within sixty days of the conclusion of this case, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential or Highly Confidential – Attorney's Eyes Only, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence and work product generated in connection with the action.

8. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

9. <u>Survival of Obligations</u>: This Order's obligations regarding Confidential and Highly Confidential – Attorney's Eyes Only information survive the conclusion of this case.

10. <u>Modification</u>: The parties reserve the right to seek a modification of this Order from the Court at any time for good cause.

11. <u>Court's Retention of Jurisdiction</u>: The parties, all persons subject to discovery in these proceedings, and all persons who receive Confidential and/or Highly Confidential – Attorney's Eyes Only information pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with,

or violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Protective Order during the pendency of this case and following dismissal, if any.

**IT IS SO ORDERED**

Dated: May 24, 2023

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

PPC BROADBAND, INC.,

    Plaintiff,

v.                                                          Case No.: 4:22-CV-204-DPM

PERFECTVISION MANUFACTURING, INC.,

    Defendant.

_____

**UNDERTAKING AND ACKNOWLEDGMENT OF
PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION**

    I, _____, hereby attest as follows:

1.     My home address is _____.

2.     My present employer is _____,

and my present work address is _____.

3.     My present title, occupation, or job description is _____.

4.     I understand that CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION may be disclosed to me under the terms of the Stipulated Protective Order attached to this Undertaking and Acknowledgment. I have a copy of and have read the Stipulated Protective Order, and I agree to comply with and be bound by its terms. I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Stipulated Protective Order and this agreement.

5.     I agree that I will not disclose to anyone else the CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

INFORMATION disclosed to me, nor discuss or describe the substance or content of such information, except as provided in the Stipulated Protective Order, and that I will use such information only for the purposes of this litigation.

6. I agree that I will not keep any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION or copies of any such information (including notes or other memoranda or writings containing or relating to such information) except to the extent permitted by the Stipulated Protective Order, and, upon request, will destroy or return such information to the attorneys who disclosed such information to me.

Dated:

_____
Signature